UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
                                                              :

ALTVATER GESSLER—J.A. BACZEWSKI INT'L      :
(USA) INC., and ALTVATER GESSLER—J.A.       :
BACZEWSKI GmbH,                                :
                                                              :
                          Plaintiffs,              :
                                                                :   **06 Civ. 6510 (HB)**
              - against -                   :
                                                                 :   <u>**OPINION & ORDER**</u>
SOBIESKI DESTYLARNIA S.A., ADAMBA         :
IMPORTS INTERNATIONAL, INC., INTERNET    :
WINES & SPIRITS, INC., and DOES 1-20,       :
                                                          :
                        Defendants.            :
                                                                 :
-------------------------------------------------------------------------x

Hon. HAROLD BAER, JR., District Judge:

      Defendant Destylarnia Sobieski, S.A. ("Sobieski")[1] moves this Court pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(2), 12(b)(3), and 12(b)(5) to dismiss the instant complaint of Altvater Gessler—J.A. Baczewski Int'l (USA) Inc. ("Gessler-USA"), and Altvater Gessler—J.A. Baczewski GmbH ("Gessler-Austria"), (collectively, "Plaintiffs" or "Gessler") for unfair competition pursuant to 15 U.S.C. § 1125(a)(1) and common law (Count I), trademark dilution pursuant to 15 U.S.C. § 1125(c) and common law (Count II), trademark infringement (Count III), deceptive trade practices pursuant to N.Y. Gen. Bus. L. § 349 (Count IV), unjust enrichment (Count V) and declaratory relief (Count VI).  For the following reasons, Defendant's Motion to Dismiss is GRANTED and the Complaint is DISMISSED in its entirety.

## I.   FACTUAL BACKGROUND

*a.*      *The Parties*

      Plaintiffs, closely-held corporations owned solely by the Gessler family, produce and sell alcoholic beverages, including a honey-liquor known as "Krupnik."  Compl. ¶ 3-4.  Gessler-USA, a New Jersey corporation, distributes Gessler's products in the United States.  Id. ¶ 1, 4. Gessler-Austria, an Austrian corporation, produces Gessler's alcoholic beverages and distributes Gessler's products in Europe.   Id. ¶ 2, 4.  Gessler registered at least two trademarks ("Altvater

---

[1] Only Defendant Sobieski has moved this Court to dismiss the Complaint.  However, the Court's discussion necessarily implicates the remaining Defendants.

Gessler—J.A. Baczewski" and "J.A. Baczewski") in the United States, Poland, and Austria.  Id. ¶ 15-16, 22.

Defendant Sobieski, a Polish corporation, produces and sells alcoholic beverages.  Id. ¶ 5. Defendant Adamba Imports International, Inc. ("Adamba") imports and sells alcoholic beverages in the United States.  Id. ¶ 6.  Defendant Internet Wines & Spirits, Inc., an Illinois corporation, sells alcoholic beverages in the United States and maintains the website www.internetwines.com. Id. ¶ 7.  Plaintiffs assert that John Doe Defendants 1-20 are "individuals and/or entities who are conscious, dominant, active, forces behind the wrongful acts of the Defendants."  Id. ¶ 9.

    b.      *The Contracts at Issue*

On November 5, 1991, Gessler-USA entered into a contract with a Polish company known as "Polmos" to manufacture and market a variety of products (including Krupnik) using the Gessler "family" recipes and trademarks.  Id. ¶ 24-25, 28.  On or about October 10, 1996, Gessler-USA entered into another contract with Polmos to use the J.A. Baczewski registered Polish trademark.  Id. ¶ 26-27.  The Agreements were written in Polish and executed in Poland. Id. at Exs. F (1991 Agreement) and H (1996 Agreement).[2]  Both Agreements specified Poland as the venue for adjudication of "any disputes resulting from this agreement" and that they be heard by "the Economic Court in Gdansk" "according to Polish law."   Compl. at Exs. G (1991 Agreement at § 9) and I (1996 Agreement at § 24).

Between 1991 and 2000, Polmos produced and sold a variety of Gessler-USA products in Poland and the United States, including J.A. Baczewski Krupnik, and the business relationship between the two companies prospered.[3]  Comp. ¶ 30.  On December 30, 2000, by mutual agreement of Gessler-USA and Polmos, the 1991 and 1996 agreements terminated.  Id. ¶ 40.  In 2003, Defendant Sobieski acquired the right, title, and interest in Polmos, and, according to Plaintiffs, "gained unauthorized access to the Plaintiffs' trade secrets recipe for Krupnik which had been entrusted to Polmos under the 1991. . .and 1996 Agreement, and which Polmos was required to return, and cease and desist using, upon termination of those agreements."  Id. ¶ 42-43.   Plaintiffs allege that, thereafter, Defendant Sobieski diluted and infringed Plaintiffs' "Baczewski" trademark through its internet marketing of Sobieski's Krupnik.  Id. ¶ 48-55.

---

[2] The Complaint attaches translations of the two contracts as exhibits G (1991 Agreement) and I (1996 Agreement).

[3] For example, Plaintiff alleges that during its peak, Polmos produced and sold several million bottles of Gessler-USA alcoholic beverages per year in Poland and a "large number" in the United States.  Compl. ¶ 40.

## II.  STANDARD OF REVIEW

A defendant may be dismissed from a lawsuit pursuant to Federal Rule of Civil Procedure 12, if, as Sobieski claims in the instant case, the defendant lacks sufficient contacts with the forum for the court to exercise jurisdiction over that defendant (FRCP 12(b)(2)), if the venue is improper or inconvenient (FRCP 12(b)(3)), or if service of the process was insufficient (FRCP 12(b)(5)).  The burden of proof in order to establish jurisdiction lies with the party invoking that jurisdiction.  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citing *R. G. Barry Corp. v. Mushroom Makers*, Inc., 612 F.2d 651, 655 (2d Cir. 1979)); *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction.").

At the pleading stage, a plaintiff is required to make only a prima facie showing of jurisdiction. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).  A court may, on a motion to dismiss, "consider affidavits and documents submitted by the parties without converting the motion into one for summary judgment under Rule 56."  *Credit Suisse Sec. (USA) LLC v. Hilliard*, 469 F. Supp. 2d 103, 106-107 (S.D.N.Y. 2007) (citing *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 50 n.54 (S.D.N.Y. 1999)).

## III.  DISCUSSION

Plaintiffs claim this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the state law claims—e.g., N.Y. Gen. Bus. L. § 349.  Further, Plaintiffs allege venue is proper in this District pursuant to 28 U.S.C. § 1391 "because, for example, individually and/or in concert with one another, defendants reside, can be found, and/or are transacting business, within this Judicial District, including, but not limited to, sales of goods giving rise to Plaintiffs' claims."  Compl. ¶ 13.

Defendant Sobieski advances three arguments in support of its motion to dismiss.  First, the forum selection clauses in the 1991 and 1996 Agreements mandate adjudication in Gdansk.  Second, this Court lacks personal jurisdiction over Sobieski, a Polish company with no U.S. contacts.  Finally, there was no service of process because Plaintiffs served the summons and complaint upon the wrong company at the wrong address.  Because I find the forum selection clauses in the 1991 and 1996 Agreements to be valid and enforceable, I dismiss the Complaint pursuant to FRCP 12(b)(3) for improper venue.  I need not reach Defendant's two additional arguments pursuant to FRCP 12(b)(2) and (b)(5).

a.       *Procedural Mechanisms to Dismiss on the Basis of Forum Section Clauses*

While decisions cast some doubt on the correct approach, one acceptable route is a dismissal on forum selection grounds buttoned on Rule 12(b)(3).  *Weingrad v. Telepathy, Inc.*, 05-CV-2024, 2005 U.S. Dist. LEXIS 26952, * 8-9 (S.D.N.Y. Nov. 3, 2005).  *See New Moon Shipping Co., Ltd. v. Man B & W Diesel AG*, 121 F.3d 24, 28-29 (2d Cir. 1997) (noting absence of "consensus. . . as to the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause."); *HongKong & Shanghai Banking Corp. v. Suveyke*, 392 F. Supp. 2d 489, 490-491 (S.D.N.Y. 2005) (noting that "[c]ircuit courts have not reached consensus as to whether motions to dismiss based on a forum selection clause should be decided under Rule 12(b)(6) or Rule 12(b)(3)" and granting motion to dismiss pursuant to Rule 12(b)(3)).

However muddy the waters may be in terms of procedure, the Second Circuit has explicitly held that choosing a forum other than that specified in the underlying agreement is grounds for dismissal.  *New Moon Shipping Co., Ltd.,* 121 F.3d at 28-29.  While personal jurisdiction is normally considered prior to questions of venue (*see, e.g., Henderson v. INS*, 157 F.3d 106, 128 (2d Cir. 1998) (citation omitted)), courts may consider questions of venue prior to personal jurisdiction "where there are sound reasons to do so."  *Saferstein v. Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 735 (S.D.N.Y. 1996).  The Supreme Court has suggested that the parties' advance consideration of forum selection clauses fosters a policy of predictability and orderliness required in international business transactions.  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516 (1974) ("[S]uch a provision obviates the danger that a dispute under the agreement might be submitted to a forum hostile to the interests of one of the parties or unfamiliar with the problem area involved.").  I consider venue first in light of the policy reason stated above.

b.       *Enforceability of the Forum Selection Clauses in the 1991 & 1996 Agreements*

This Court finds the language and scope of the forum selection clauses in the 1991 & 1996 Agreements to be dispositive in this case. The language of the forum selection clauses is clear and unequivocal and reflects the parties' deliberate intent to adjudicate "any disputes" "regarding" the Agreement in a *specific Polish court*—the Economic Court in Gdansk—, according to a *specific body of law*—Polish jurisprudence.  *See John Boutari & Son v. Attiki Importers & Distribs.*, 22 F.3d 51, 53 (2d Cir. 1994) ("to be effective the language delineating the "choice of forum must be mandatory rather than permissive.") (internal citation omitted).

The clauses at issue are similar in substance to a forum selection clause considered by

Judge Cote in *Mobil Sales & Supply Corp. v. Republic of Lithuania*, 1998 U.S. Dist. LEXIS 5693, 22-23 (S.D.N.Y. 1998).  The relevant clause in that case,[4] like the clauses at bar, did not merely confer jurisdiction generally on Lithuanian courts, but specified a particular court, the Economic Court of the Lithuanian Republic.  *Id.*  In addition, Judge Cote read the language "are settled" as "will settle," *i.e.*, mandatory.  The instant case requires no speculation or interpretation—the plain language reads that "any dispute regarding [the Agreements] will be adjudicated" in the Economic Court in Gdansk.  This language is mandatory rather than permissive, specifies both jurisdiction *and* venue, and "reflects 'the parties' intent to make jurisdiction exclusive.'"  *Weingrad v. Telepathy, Inc.*, 05-CV-2024, 2005 U.S. Dist. LEXIS 26952, at *9 (S.D.N.Y. 2005) (citation omitted).  Plaintiffs in this case have provided no argument to suggest the language of the forum selection clauses is not mandatory.

Plaintiffs assert that the forum selection clauses are inapplicable because the Agreements between Gessler and Polmos terminated prior to Sobieski's acquisition of Polmos.  Unfortunately for Plaintiffs, the case law in this Circuit is to the contrary—*i.e.*, forum selection clauses are enforceable even when the relevant agreement has been terminated so long as the *substance* of the action is related to the original agreement.  *See, e.g., Bense v. Interstate Battery System, Inc.*, 683 F.2d 718, 720-22 (2d Cir. 1982) (enforcing the forum selection clause because the "gist" of plaintiff's claim involved an alleged wrongful termination of the agreement where the "forum-selection clause was part of the bargain into which [the plaintiff] freely entered"); *Weingrad*, 2005 U.S. Dist. LEXIS 26952, at *9-10 ("[P]arties to a contract are bound by that contract's forum selection clause even after the contract has terminated, where, as here, the plaintiff's claims involve rights arising out of the contract and the entire business relationship between the parties stems from that contract."); *YWCA of the United States v. HMC Entertainment*, 91-CV-7943, 1992 U.S. Dist. LEXIS 14713, *10 (S.D.N.Y. Sept. 23, 1992) ("Even though the contract has expired, plaintiff's claims for a declaratory judgment with respect to defendant's potential unfair competition, trademark infringement, misappropriation and implied contract claims, involve rights arising out of the contract.").

Although the Plaintiffs contend the trademark infringement and related claims are distinct

---

[4] The agreement stated: "All the disputes, arising from this agreement, shall be settled by mutual consent of both parties. Otherwise, the disputes are settled by the Economic Court of the Lithuanian Republic according to the existing laws of the Lithuanian Republic."  *Mobil Sales & Supply Corp. v. Republic of Lithuania*, 1998 U.S. Dist. LEXIS 5693, 22-23 (S.D.N.Y. 1998).

from the substance of Gessler's 1991 and 1996 Agreements with Polmos, Plaintiffs' allegations in the Complaint paint a different picture.  Indeed, plaintiffs' central allegation is that as a result of the acquisition of Polmos in 2003, Defendant Sobieski gained unauthorized access to Plaintiffs' secret recipe for Krupnik, which had been entrusted to Polmos under the 1991 and 1996 Agreements, and which terminated by mutual agreement in 2000.  Any determination with respect to Plaintiff's claims for trademark infringement, dilution, unfair competition or unjust enrichment will require consideration of the 1991 and 1996 Agreements.

The fact that Sobieski was not an original party to the contract is irrelevant in this instance because, by Plaintiffs' own admission, Sobieski is the "de facto. . . continuation or successor of Polmos."[5]  Pursuant to basic principles of contract law, Sobieski, as Polmos' successor in interest, stepped into the shoes of Polmos with respect to all contracts, including the terminated Agreements at bar.[6]  *See, e.g., Quebecor World (USA), Inc. v. Harsha Assocs.*, 455 F. Supp. 2d 236, 245 (W.D.N.Y. 2006) (noting that a "corporation may be held liable for the [contractual obligations] of its predecessor if there was a consolidation or merger between the two, or the newly created corporation is a mere continuation of the prior corporation") (citation omitted).  At least three courts in this Circuit have held that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses" (*Int'l Private Satellite Partners, L.P. v. Lucky Cat Ltd.*, 975 F. Supp. 483, 485-86 (W.D.N.Y. 1997)) "if its interests are 'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interests or conduct." *Weingrad*, 2005 U.S. Dist. LEXIS 26952, at *15-16 (citation omitted).  *See Novak v. Tucows, Inc.*, No. 06-CV-1909, 2007 U.S. Dist. LEXIS 21269, at *45 (E.D.N.Y. 2007) (same).  As mentioned above, any resolution of this dispute necessarily implicates the 1991 and 1996 Agreements.

Finally, if the forum selection clause is found to cover the claims of the action, this Court must dismiss the claims pursuant to Rule 12(b)(3) "unless there is a clear showing. . .that 'enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'"  *Weingrad*, 2005 U.S. Dist. LEXIS 26952, at *10-11.  Plaintiffs allege no fact or advance any argument to suggest the invalidity of the forum selection clause based on

---

[5] Plaintiffs' First Amended Compl. ¶ 42.

[6] See 1991 Agreement, Compl. at Ex. G at 1 ("Entered into on 05.11.1991 . . . between Mr. Elek Gessler representing the firm Altvater Gessler – J.A. Baczewski International/USA/Inc. . . . and Polmos [*i.e.,* Sobieski]. . .") and 1996 Agreement, Id. at Ex. I at 1 ("Made on 18.10.1996 . . . between Altvater Gessler – J.A. Baczewski Int. . . . and Polmos [*i.e.,* Sobieski].").

the forum selection clauses are enforceable.

### c. *Claims Against Other Defendants*

Because I hold the forum selection clauses are enforceable, and this includes those claims against Defendants Adamba Imports International, Inc., Internet Wines & Spirits, Inc., and Does 1-20, the disputes must be litigated in the Economic Court of Gdansk. *See, e.g., Novak v. Tucows, Inc.*, No. 06-CV-1909, 2007 U.S. Dist. LEXIS 21269, at *44 (E.D.N.Y. 2007) (explaining that the court has discretion to dismiss entire action when only one of several defendants is subject to a contract with an enforceable forum selection clause).

## IV. CONCLUSION

For the foregoing reasons, the forum selection clauses are enforceable, and therefore, pursuant to FRCP 12(b)(3), the Complaint is dismissed in its entirety against all Defendants.

The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**May 2, 2007**

U.S.D.J.

7